UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-23969-LEIBOWITZ/AUGUSTIN-BIRCH

**MELISSA LEE FARMER,**

    **Plaintiff,**

v.

**BENJAMIN J. COUSINS M.D. P.A.
and LAUREN LUCK, P.A.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS**

This cause comes before the Court on Defendants Benjamin J. Cousins M.D. P.A. and Lauren Luck, P.A.'s Motion for Attorney Fees and Costs. DE 32. Plaintiff Melissa Lee Farmer filed a response, DE 33, and Defendants filed a reply. DE 35. The Honorable David S. Leibowitz, United States District Judge, referred the matter to the undersigned United States Magistrate Judge for a report and recommendation. DE 34. Having carefully considered the record and the briefing and being otherwise fully advised in the premises, the Court **RECOMMENDS DENYING** Defendants' Motion for Attorney Fees and Costs [DE 32].

### I.    Factual Background

After Plaintiff failed to pay hospital bills related to emergency medical services Defendant Cousins rendered, Defendant Cousins, through counsel Defendant Luck, served Plaintiff with a demand letter, requesting payment of the outstanding medical bills, including interest accrued during the delay in payment. *See* DE 15-3. Plaintiff subsequently filed suit against Defendants under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act

("FCCPA"), alleging unlawful debt collection practices. DE 15. Specifically, Plaintiff raised two counts under the FCCPA against Defendants Cousins and Luck and two counts under the FDCPA against Defendant Luck. *See* DE 15 at 5–11. In response to Plaintiff's Amended Complaint, Defendants moved to dismiss, arguing that Plaintiff's Amended Complaint failed to state a claim upon which relief can be granted. DE 16.

On February 26, 2025, Judge Leibowitz granted Defendants' motion to dismiss as part of an omnibus order, ruling that Plaintiff's allegation in her Amended Complaint that Defendant Luck was a debt collector was too conclusory to state a claim under the FDCPA. DE 31 at 5. Accordingly, Judge Leibowitz dismissed Plaintiff's FDCPA claims, the only federal claims Plaintiff pled, for failure to state a claim. *Id.* at 7. Additionally, Judge Leibowitz declined to exercise supplemental jurisdiction over Plaintiff's remaining FCCPA claims and dismissed those claims without prejudice. *Id.* Following the dismissal of Plaintiff's Amended Complaint, Defendants moved to recover their attorney's fees and costs with the present Motion for Attorney Fees and Costs. DE 32.

## II.   Analysis

Defendants seek to recover their attorney's fees and costs pursuant to the FDCPA, FCCPA, 28 U.S.C. § 1927, the Court's inherent authority, and Federal Rule of Civil Procedure 68. *Id.* at 2. Plaintiff contends in response that attorney's fees and costs are not warranted under any of the bases Defendants assert. *See* DE 33. The Court agrees with Plaintiff.

   a. **Attorney's Fees and Costs Pursuant to the FCCPA**

Under the FCCPA, a defendant can recover attorney's fees and costs from the plaintiff if a court finds that the plaintiff's suit "fails to raise a justiciable issue of law or fact." § 559.77(2), Fla. Stat. There is sparse authority expounding on what constitutes a failure "to raise a justiciable issue of law or fact in the context of a claim for fees by a prevailing defendant in an FCCPA case." *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008) (quotation marks omitted).

But, in other contexts, "Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be frivolous." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1508 (11th Cir. 1985) (quotation marks omitted).

Here, Judge Leibowitz dismissed without prejudice Plaintiff's FCCPA counts after declining to exercise supplemental jurisdiction over them. DE 31 at 7. Judge Leibowitz neither examined nor ruled on the merits of Plaintiff's FCCPA claims. *See id.* at 5–6. As such, there has been no determination that Plaintiff's FCCPA claims are frivolous. Moreover, Plaintiff has since refiled her FCCPA claims in state court. DE 33 at 4. Thus, the state court will have the opportunity to adjudicate the merits of Plaintiff's FCCPA claims. For these reasons, the Court does not recommend awarding Defendants any attorney's fees or costs under the FCCPA. *See Lacayo v. Wells Fargo Bank, N.A.*, No. 16-23187-CIV, 2020 WL 2488377, at *6 (S.D. Fla. Apr. 13, 2020) (declining to award attorney's fees under the FCCPA after dismissal of complaint with prejudice as a shotgun pleading because "the Court did not examine the merits of the [FCCPA] claims in detail").

b. **Attorney's Fees and Costs Pursuant to the FDCPA**

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "A bad-faith lawsuit is one where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass the defendants rather than to obtain a favorable judgment." *Lacayo*, 2020 WL 2488377, at *5. "The burden is on the prevailing defendant to show bad faith and harassment." *Rivera v. Portfolio Recovery Assocs., LLC*, No. 23-CV-61138, 2025 WL 1639488, at *2 (S.D. Fla. Mar. 19, 2025), *report and recommendation adopted*, No. 23-61138-CIV, 2025 WL 1363280 (S.D. Fla. May 12, 2025). "[M]erely prevailing on a dispositive motion (i.e., a motion to dismiss or a motion for summary judgment) is insufficient to show that a plaintiff acted in

bad faith or for the purpose of harassment." *Id*. at *3; *see also Heald v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-993-J-34JRK, 2014 WL 4639410, at *6 n.16 (M.D. Fla. Sept. 16, 2014) ("The Court's finding that Heald does not state a claim under the FDCPA does not equate to a finding that she proceeded in bad faith and for the purpose of harassment by bringing this claim." (quotation marks omitted)).

Here, Defendants claim that Plaintiff and her counsel's actions "reek of bad faith litigation tactics and malicious prosecution." DE 32 at 5. But the Court is not persuaded that Plaintiff brought her FDCPA claims in bad faith or for the purpose of harassment. As shown by the letter from Defendant Luck to Plaintiff, Defendant Luck disclosed that her law firm may be considered a debt collector under the FDCPA. *See* DE 15-3 at 2 ("OUR LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)."). That letter further stated that "**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE**." *Id.* Attached to the letter was also an "Authority to Release Information" form, in which Defendant Luck sought Plaintiff's consent, "[a]s required by the Fair Debt Collection Practices Act," to contact third-parties in connection with Plaintiff's alleged debt. *Id.* at 3. Based on this letter,[1] Plaintiff may have had a reasonable belief, albeit mistaken, that Defendant Luck qualified as a debt collector under the FDCPA and that she could bring an FDCPA claim against Defendant Luck. *See Rivera*, 2025 WL 1639488, at *3 ("This mistaken, yet reasonable belief, falls short of the requisite bad faith (i.e., the furtive design or bad will) at the time of filing the Complaint."); *Burgos v. SunTrust Bank, N.A.*, No. 13-21197-CIV, 2020 WL 2299937, at *4 (S.D. Fla. Mar. 31, 2020) ("A misunderstanding of the

---

[1] Defendants also claim that Plaintiff's counsel "was repeatedly notified long before she filed suit that [Defendant Luck] is not a consumer debt collector." DE 32 at 4. It is not unusual for a defendant to deny liability during pre-suit discussions with a plaintiff. Nor is it unusual, much less a basis for a finding of bad faith and harassment, for the plaintiff to persevere with her claims despite the defendant's denial of liability.

law, however, is not bad faith or harassment."), *report and recommendation adopted*, No. 13-21197-CIV, 2020 WL 2299936 (S.D. Fla. May 7, 2020). Accordingly, the Court does not recommend awarding Defendants any attorney's fees or costs under the FDCPA.

### c. Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1927

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable *and* vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Mere lack of a meritorious claim is insufficient to warrant sanctions under section 1927 because "[t]he statute was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith." *Id.* (quotation marks omitted). "'Bad faith' is the touchstone." *Id.*; *see also Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) ("We have consistently held that an attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." (quotation marks omitted)).

For the reasons previously stated, Plaintiff's counsel may have had a reasonable, albeit mistaken, belief that Defendant Luck qualified as a debt collector under the FDCPA and thus could be liable under that statute. Accordingly, the Court does not find that Plaintiff's counsel engaged in bad faith conduct to warrant sanctions. The Court does not recommend awarding Defendants any attorney's fees or costs under 28 U.S.C. § 1927.

### d. Attorney's Fees and Costs Pursuant to the Court's Inherent Authority

"Courts have the inherent power to police themselves and those appearing before them." *Sciarretta v. Lincoln Nat'l Life Ins. Co.*, 778 F.3d 1205, 1212 (11th Cir. 2015). "The key to unlocking that inherent power is a finding of bad faith." *Id.* "Once unlocked, the power carries with it the authority to assess attorney's fees as a sanction for bad faith conduct." *Id.* Once again, for the reasons already explained, the Court finds that neither Plaintiff nor her counsel engaged in bad faith conduct in bringing this litigation. Accordingly, the Court does not recommend awarding Defendants any attorney's fees or costs under the Court's inherent authority.

### e. Attorney's Fees and Costs Pursuant to Federal Rule of Civil Procedure 68

Federal Rule of Civil Procedure 68 provides that if a timely pretrial offer of settlement is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of an offer." Fed. R. Civ. P. 68(d). "The Supreme Court has held that costs awarded under Rule 68's cost-shifting provision include attorney's fees only when the underlying statute defines costs to include attorney's fees." *Abby v. Paige*, No. 10-23589-CIV, 2013 WL 12246348, at *3 (S.D. Fla. Aug. 2, 2013).

Here, even if Defendants received a judgment in their favor, Rule 68 would not permit them to recover attorney's fees and costs. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 354 (1981) ("When Rule 68 is read literally, however, it is evenhanded in its operation. As we have already noted, it does not apply to judgments in favor of the defendant or to judgments in favor of the plaintiff for an amount greater than the settlement offer."); *Affordable Aerial Photography, Inc. v. Trends Realty USA Corp*, No. 23-11662- 2024 WL 835235, at *2 (11th Cir. Feb. 28, 2024) ("Rule 68(d) is simply inapplicable in cases where it was the defendant that obtained the judgment." (quotation marks omitted)); *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at *16 (S.D. Fla. Sept. 30, 2011) ("[S]ince the Defendants in this case obtained a judgment in their favor

6

. . . Rule 68 is not applicable and the Defendant[s] are not entitled to costs from Plaintiff Lopez under that Rule."). Accordingly, the Court does not recommend awarding Defendants attorney's fees or costs under Rule 68.

### III.  Recommendation

For the foregoing reasons, Defendants are not entitled to attorney's fees or costs under any of the bases they assert. The Court therefore **RECOMMENDS DENYING** Defendants' Motion for Attorney Fees and Costs [DE 32].

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 18th day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE