UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-23969-LEIBOWITZ/AUGUSTIN-BIRCH

**MELISSA LEE FARMER,**
    *Plaintiff*,

v.

**BENJAMIN J. COUSINS,** *et al.,*
    *Defendants.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation on Defendants' Motion for Attorney Fees and Costs [ECF No. 36] (the "R&R"), filed on August 18, 2025, recommending that Defendant's motion [ECF No. 32] be DENIED. [ECF No. 36 at 1, 7]. The undersigned previously referred the motion to United States Magistrate Judge Augustin-Birch for a report and recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 34]. Defendants timely objected on September 2, 2025. [ECF No. 37]. The Court has reviewed Defendants' Motion [ECF No. 32], the relevant portions of the record, the R&R, the objections, and the governing law. Upon due consideration, the Court ADOPTS AND AFFIRMS the Report and Recommendation [ECF No. 36] for the reasons given below.

### I.    BACKGROUND

On October 11, 2024, Plaintiff—former patient of Defendant physician Benjamin Cousins ("Cousins")—brought suit against Cousins and Defendant Lauren Luck, PA ("Luck"), alleging Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") in their attempts to collect unpaid medical bills incurred by

Plaintiff for medical services provided to her at HCA Mercy Hospital on May 15, 2023. [Compl., ECF No. 1]. After Plaintiff failed to respond to several rounds of Defendants' collection letters, Cousins filed suit against her on April 16, 2024, in Miami Dade County Court. [*Id.* ¶¶ 29–36]. After that lawsuit was filed, Plaintiff asked Defendants to provide her with a breakdown of what she owed. [*Id.* ¶ 40]. Defendants responded that Plaintiff owed $4,234.00 in principal; $762.12 in interest; and $3,693.60 in collection costs and legal fees. [*Id.*]. Plaintiff does not disclose whether she ever paid any portion of what she owed Cousins.

On November 27, 2024, Defendants moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. [ECF No. 13]. Plaintiff responded to the motion [ECF No. 14] and then filed an Amended Complaint [ECF No. 15]. On January 21, 2025, Defendants moved to dismiss the Amended Complaint. [ECF No. 16]. The Court granted that motion on February 26, 2025, and dismissed this case. [ECF No. 31]. On March 29, 2025, Defendants moved for an award of attorney's fees and costs. [ECF No. 32]. Defendants contend the FDCPA and the FCCPA permit such an award, and that Plaintiff's "bad faith litigation" and Federal Rule of Civil Procedure 68 also entitle them to recover their fees and costs in defending this action. On April 15, 2025, the undersigned referred Defendants' motion to Judge Augustin-Birch for a report and recommendation [ECF No. 34], which she has now submitted for the Court's consideration [ECF No. 36].

## II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal

quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

### III. DISCUSSION

In the R&R, Judge Augustin-Birch determined Defendants are not entitled to fees and costs under either the FCCPA, the FDCPA, Section 1927, the Court's inherent powers, or Federal Rule of Civil Procedure 68. [ECF No. 36].

First, Judge Augustin-Birch found Defendants could not recover under the FCCPA because this Court never ruled on the merits of that claim. [*Id.* at 2–3]. Indeed, the Court declined to exercise jurisdiction over all state law claims asserted in this action after the Court dismissed Plaintiff's lone federal claim. [*See* ECF No. 31]. Second, Judge Augustin-Birch found Defendants are not entitled to recover under the FDCPA because the bad faith needed to support such an award was lacking. [ECF No. 36 at 4–5]. Next, Judge Augustin-Birch found that Plaintiff's lack of bad faith also deprived Defendants of obtaining fees and costs under 28 U.S.C. § 1927 as well as the Court's inherent powers. [*Id.* at 5–6]. Finally, Judge Augustin-Birch found Rule 68 did not allow recovery of fees and costs because Rule 68 is limited to judgments, and even if Defendants had obtained a judgment in their favor, Rule 68 would not allow them, as prevailing defendants, to recover fees and costs. [*Id.* at 6–7 (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 354 (1981) ("When Rule 68 is read literally, however, it is evenhanded in its operation. As we have already noted, it does not apply to judgments in favor of the defendant or to judgments in favor of the plaintiff for an amount greater than the settlement offer."); *Affordable Aerial Photography, Inc. v. Trends Realty USA Corp*, No. 23-11662- 2024 WL 835235, at *2 (11th Cir. Feb. 28, 2024) ("Rule 68(d) is simply inapplicable in cases where it was the defendant that obtained the judgment." (quotation marks omitted)); *Brandt v. Magnificent Quality Florals Corp.*, No.

07-20129-CIV, 2011 WL 4625379, at *16 (S.D. Fla. Sept. 30, 2011) ("[S]ince the Defendants in this case obtained a judgment in their favor. . . Rule 68 is not applicable and the Defendant[s] are not entitled to costs from Plaintiff Lopez under that Rule.")].

### A. Defendants' Objections

Defendants object to each of Judge Augustin-Birch's recommendations. [ECF No. 37].

First, Defendants object as to the FCCPA determination, arguing that because "Plaintiff's FCCPA claims were duplicative of her FDCPA allegations, legally baseless, and pursued despite pre-suit notice that Defendant Luck was not a debt collector… the 'no justiciable issue' threshold under § 559.77(2)" is satisfied. [ECF No. 37 at 1–2]. The Court disagrees. Section 559.77(2) provides in relevant part: "If the *court* finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant." Fla. Stat. § 559.77(2) (emphasis added). Judge Augustin-Birch correctly concluded that this Court made no such finding. Accordingly, this objection is **OVERRULED**.

Second, Defendants argue entitlement to fees and costs under the FDCPA because Defendants repeatedly informed Plaintiff in writing pre-suit that Luck was not a debt collector. [ECF No. 37 at 2]. Thus, Plaintiff's suing Luck for FDCPA violations demonstrates "bad faith harassment" sufficient to support an award of fees and costs. [*Id.*]. The Court disagrees here as well. As Judge Augustin-Birch points out in the R&R, Plaintiff had sufficient information before her to form a reasonable belief that Luck was acting as a debt collector while attempting to recover the unpaid medical bills on Cousins's behalf. [ECF No. 36 at 3–5]. Thus, Judge Augustin-Birch did not err in concluding that the bad faith required to support an award of fees and costs under the FDCPA was lacking. This objection is **OVERRULED**.

Third, Defendants take issue with Judge Augustin-Birch's conclusion that fees and costs should not be awarded under Section 1927 or the court's inherent authority. Here, Defendants merely

cite to a string of cases without providing any context or explanation. [*See* ECF no. 37 at 2]. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d at 1361. Accordingly, the Court declines to read Defendants' string of cases and glean from them the basis for this objection, which is **OVERRULED**.

Fourth, and finally, Defendants object to Judge Augustin-Birch's conclusion that "Rule 68 is inapplicable to prevailing defendants." [ECF No. 37 at 2]. Here, Defendants say Rule 68 entitles them to fees and costs because "Plaintiff rejected a valid Proposal for Settlement, failed to obtain a more favorable outcome, and forced Defendants to incur fees and costs as a result." [*Id.*]. Upon review of the docket, the only Offer of Judgment the Court can find is from Defendants' state court case where Cousins *as Plaintiff* offered to settle the state court case for $1,030.00 pursuant to Section 768.79, Florida Statutes, and Rule 1.442 of the Florida Rules of Civil Procedure. [*See* ECF No. 32-1]. Defendants have not cited to any Rule 68 Offer of Judgment made in this case. Accordingly, Rule 68 does not apply.

Yet, even if Rule 68 applied, Judge Augustin-Birch was correct in her assessment. As the Eleventh Circuit has explained:

> By its plain terms, according to the Supreme Court, Rule 68 applies only where the plaintiff "has obtained a judgment for an amount less favorable than the defendant's settlement offer." *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 351 (1981). Because the judgment must be "obtain[ed]" by the "offeree" following an offer to have "judgment ... taken against [the defendant]," the Court reasoned, "it follows that a judgment 'obtained' by the plaintiff is also a favorable one." *Id.* at 351–52. Thus, the effect of Rule 68 is to reduce "some of the benefits of victory if [the plaintiff's] recovery is less than the offer." *Id.* at 352.
>
> But Rule 68(d) is "simply inapplicable" in cases where "it was the defendant that obtained the judgment." *Id.* at 354 (Rule 68 "does not apply to judgments in favor of the defendant"); *see La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995) ("If a plaintiff takes nothing… Rule 68 does not apply."). Thus, "a nonsettling plaintiff does not run the risk of suffering additional burdens that do not ordinarily attend a defeat." *Delta Air Lines*, 450 U.S. at 352. Rather, when a plaintiff loses, "the trial judge

> retains his [or her] Rule 54(d) discretion" to award costs to the prevailing party. *Id.* at 354; *see* Fed. R. Civ. P. 54(d).
>
> Here, Rule 68 does not apply because AAP did not obtain a judgment in its favor. *See Delta Air Lines*, 450 U.S. at 351–52. A voluntary dismissal without prejudice does not alter the legal relationship between the parties or award the plaintiff any relief. It simply permits the "moving party to file those claims again." *Mesa v. United States*, 61 F.3d 20, 22 (11th Cir. 1995). As Defendants note, "AAP secured no affirmative relief whatever." In fact, Defendants view themselves as prevailing parties. But even assuming the judgment was effectively in Defendants' favor, Rule 68 "does not apply to judgments in favor of the defendant." *Delta Air Lines*, 450 U.S. at 354. Because the district court's dismissal without prejudice was not a judgment in AAP's favor "for an amount less favorable than the defendant's settlement offer," Rule 68 does not authorize or mandate Defendants' recovery of reasonable attorney's fees. *Id.* at 351–52.

*Affordable Aerial Photography, Inc. v. Trends Realty USA Corp,* No. 23-11662, 2024 WL 835235, at *2 (11th Cir. Feb. 28, 2024). Thus, this objection is **OVERRULED.**

In sum, the Court's *de novo* review of the R&R and Defendants' objections thereto finds no error. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Magistrate Judge's Report and Recommendation [ECF No. 36] is **AFFIRMED** and **ADOPTED** and fully incorporated herein.

2. Defendants' Motion for Attorney's Fees and Costs [**ECF No. 32**] is **DENIED.**

3. The Clerk is DIRECTED to CLOSE this case.

4. All pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in the Southern District of Florida on September 11, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record